**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4150**

───────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

DERRICK TYRONE HATFIELD,

           Defendant - Appellant.

───────────

**No. 13-4151**

───────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

DERRICK TYRONE HATFIELD,

           Defendant - Appellant.

───────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:99-cr-00068-WO-1; 1:08-cr-00063-WO-1)

───────────

Submitted:  December 27, 2013     Decided:  January 14, 2014

───────────

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Tyrone Hatfield appeals the district court's orders revoking his supervised release and sentencing him to thirty-six months' imprisonment. On appeal, Hatfield argues the district court erred in revoking his supervised release and that the sentence is unreasonable. We affirm.

In 1999, Hatfield pled guilty to distribution of cocaine base and was sentenced to 120 months' imprisonment with a five-year term of supervised release. (Case No. 1:99CR68). In 2008, he pled guilty to escape from federal custody and was sentenced to eleven months followed by a three-year term of supervised release. (Case No. 1:08CR63).

In 2009, Hatfield consented to modified conditions of his supervised release, including substance abuse treatment and a four-day period of intermittent confinement. After Hatfield admitted to committing more violations, in 2010, the district court revoked Hatfield's supervised release in Case No. 1:08CR63 and sentenced Hatfield to twenty months' imprisonment followed by sixteen months of supervised release on the same terms and conditions previously imposed. The court added the special condition that Hatfield complete at least twelve months of inpatient drug treatment. With respect to Case No. 1:99CR68, the district court continued Hatfield on supervised release for thirty-six months. This period of supervision was to resume

3

upon release from the custodial sentence imposed for the escape conviction in Case No. 1:08CR63.

Hatfield's second term of supervision began July 1, 2011. On June 26, 2012, the probation officer petitioned for revocation of Hatfield's supervised release, alleging Hatfield was terminated unsuccessfully from the Durham Rescue Mission on May 28, 2012, and that Hatfield committed other crimes. Specifically, on June 7, 2012, Hatfield was arrested for misdemeanor assault on a female, misdemeanor contributing to the delinquency of a juvenile, and aggressive driving. On June 23, 2012, Hatfield was arrested for misdemeanor assault on a female and misdemeanor assault on a child under twelve. The petition further alleged Hatfield did not notify his probation officer within seventy-two hours of his arrests.

Hatfield admitted that he did not complete the program at the Durham Rescue Mission, and that he did not notify probation of his June 7, 2012 arrest. Hatfield denied the criminal conduct underlying his arrests. After hearing testimony, the district court concluded Hatfield had violated the terms of his supervised release. In addition to the violations he admitted, the district court found by a preponderance of the evidence that Hatfield was guilty of careless and reckless driving on June 7 and of misdemeanor assault on a female on June 23. The district court ultimately

4

revoked Hatfield's term of supervised release and sentenced him in case no. 1:99CR68 to the statutory maximum of thirty-six months, twenty-four months above the Sentencing Commission's advisory policy range of six to twelve months. It imposed no further supervision and no additional sentence or supervised release in case no. 1:08CR63.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke release, the district court must find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). We review for clear error factual findings underlying the conclusion that a violation of the terms of supervised release occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

In this case, Hatfield admitted that he did not complete the inpatient treatment program ordered by the court and that he failed to notify his probation officer within seventy-two hours of his June 7 arrest. Hatfield's admissions to these Grade C violations were sufficient by themselves to support the revocation. See U.S.S.G. § 7b1.1(a)(3). On appeal, however, Hatfield argues that the court clearly erred in finding that he assaulted his wife on June 23. The district court outlined in great detail its reasons for finding unreliable Mrs.

5

Hatfield's testimony that her husband did not assault her, and after reviewing the transcript of the hearing, we conclude that its findings were not clearly erroneous. Based on this determination and Hatfield's admitted violations, we likewise conclude that the court did not err in revoking Hatfield's supervised release.

Hatfield next argues his sentence is unreasonable because the district court did not adequately consider the Sentencing Commission's relevant policy statement or attendant range. When examining a sentence imposed upon revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). The court will affirm a revocation sentence that falls within the statutory maximum, unless it finds the sentence "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, the court first determines whether the sentence is unreasonable, using the same general analysis employed in reviewing original sentences. Id. at 438. Only if the sentence is procedurally or substantively unreasonable will the court consider whether it is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, see Crudup, 461 F.3d at 440, and provides an adequate explanation for the sentence imposed, United States v. Thompson, 595 F.3d 544, 546-47 (4th Cir. 2010). The court need not provide as detailed an explanation as that required to support an original sentence. Crudup, 461 F.3d at 439. A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Id. at 440. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439. (internal quotation marks omitted).

On appeal, Hatfield contends that, although the district court acknowledged the advisory range of six to twelve months, his sentence is procedurally unreasonable because the district court failed to refer to the policy statements in Chapter Seven of the Guidelines or the applicable range when fashioning its sentence. When imposing a revocation sentence, the district court "must consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful assistance.'" Moulden, 478 F.3d at 656.

7

In this case, the district court did more than just acknowledge the advisory Guidelines range of six to twelve months at the commencement of sentencing. While pronouncing its sentence, the court explicitly opined that a sentence within the advisory Guidelines range would simply be insufficient, given the court's repeated attempts to arrange treatment options for Hatfield. The court cited its consideration of the applicable range, the arguments of counsel, Hatfield's statements, circumstances of the current violations and offenses, as well as Hatfield's history and characteristics in fashioning the sentence. At the very least, the district court's consideration of the range was implicit in the court's detailed reasoning for imposing the statutory maximum sentence. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). The commentary to the policy statements in Chapter Seven makes clear that district courts should focus on the defendant's "failure to follow the court-imposed conditions of . . . supervised release as a 'breach of trust'" when imposing revocation sentences. USSG, Ch. 7, Pt. A, introductory cmt. n.3(b). Here, the district court specifically noted Hatfield's continuing, undeterred involvement in criminal activity and his failure to successfully complete treatment programs as directed by the court.

We conclude that Hatfield's thirty-six-month sentence is not unreasonable. To the contrary, the district court

correctly calculated the policy statement range, adequately explained its sentence, and appropriately relied on the relevant § 3553(a) factors in sentencing Hatfield.[*] Having discerned no procedural or substantive error in the district court's imposition of the sentence, "it necessarily follows that [Hatfield's] sentence is not plainly unreasonable." Crudup, 461 F.3d at 440.

Based on the foregoing, we affirm the district court's judgments. We further deny Hatfield's pro se motions to file supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent Hatfield argues his sentence is unreasonable because the district court improperly relied on its findings that Hatfield was guilty of careless and reckless driving on June 7, 2012, and of misdemeanor assault on a female on June 23, 2012, we reject this argument having found that such findings were not clearly erroneous.

9